## In re DANIEL.

Court of Customs and Patent Appeals.   October 4, 1929.

Patent Appeal No. 2005.

See, also, 34 F.(2d) 995.

Vernon E. Hodges and J. Preston Swecker, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.   In this case the appellant filed application for a patent for claimed improvements in certain shade fixtures.   The application was originally filed August 26, 1919, being then given the serial No. 319,587.   Favorable action was taken by the Patent Office on January 2, 1920, but patent was never issued because of the failure of applicant to pay the final fee.   In December, 1921, the application was renewed and was given the serial No. 526,-416.   This time it was rejected by the Primary Examiner, which rejection was sustained successively by the Board of Patent Appeals and the Commissioner of Patents acting through the Assistant Commissioner.   It was then appealed to the court, and is now before us for determination.

The rejection of appellant's claims was based upon two prior patents, Truemper, 264,206, of September 12, 1882, and Daniel, 1,404,837, January 31, 1922.

It is the insistence of appellant that there are two points of novelty in his claimed invention which are patentable.   The first is a plate indicated by numeral 4 in the drawings "which rests flat upon the window-frame and affords support for one end of the curtain shade roller, and also for the stopwheel 8, at a point below the curtain shade roller, or between the roller and the point of pull or control."

The claim for this is as follows:

"The combination with a curtain shade roller having a drum at one end, of a curtain fixture including a plate, a bracket rising from the edge of the upper end of the plate, and integral therewith for receiving one end of the curtain roller, ears rising from the edges of the lower end of the plate and integral therewith, a stop-wheel journaled in the ears, and provided with two grooves, one circumferential and the other spiral, and a cord attached to the drum and wound around the same and passing between the stop wheel and the plate to be pinched therebetween for holding the curtain in position."

The second alleged point of novelty is claimed to reside "in the substitution of a round hole in the ear to receive the curtain-shade roller pintle endwise only," as shown in Fig. 2.   It is claimed that this is not shown in the prior art, and that it prevents the roller from jumping out of its socket when the tendency to do so occurs at the spool end, from the hasty raising or lowering of the curtain.

The claim for this was submitted on appeal to the Commissioner of Patents in a supplemental brief in the following words:

"The combination with a window-shade roller having a spool and a round pintle at one end, a curtain wound around the roller in one direction, and a cord around the spool in the opposite direction, of a curtain-fixture including a flat plate, a bracket having a hole there-through to receive the curtain-shade roller pintle endwise only, the fixture provided with a pair of ears at a point below the bracket, and a stop-wheel journaled in these ears approximately in alignment with the spool, and having circumferential and spiral grooves between which roller and the back-plate the cord is passed and adapted to move in the raising and lowering of the curtain, or be pinched to hold the latter at any desired elevation."

After a close and careful examination of appellant's application and a study of the specifications and processes of operation, we are unable to agree with his contentions upon either point.

In the patent to Daniel, 1,404,837, the drawings show a figure which carries a plate quite similar to the one in the claim.   It

has an arm extending from the lower end which is integrated with the plate as are ears extending outwardly from the upper end of the plate. We are unable to see where little more is done than invert, in the pending application, a device included in his own prior patent.

As is insisted by Solicitor for the Patent Office, it appears that appellant, while mounting the pintle at one end in a round bearing, has yet slotted the opposite bracket. So this seems to be simply a second inversion of a prior art and we do not think it of such a nature as to be patentable.

■ Appellant very earnestly insists that the success which has attended upon his mechanism, when considered with the claims, should result in favorable action. We understand that commercial success is a factor, under the law, proper to be considered, but a patent will not be issued where it must rest upon that alone, as we think would be the situation if one were granted in this case.

It does not appear to the satisfaction of the court that a patentable mechanism not disclosed in the prior art is presented in appellant's present application, and so the decision of the Assistant Commissioner of Patents is affirmed.

Affirmed.